[Civ. Nos. 2225 and 2234. Fourth Appellate District.—October 13, 1938.]

E. A. GARDNER, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

F. W. Docker and Frank Curran for Petitioner.

Everett A. Corten for Respondents.

GRIFFIN, J.—Petitioner, E. A. Gardner, seeks to review a decision, on rehearing, of the Industrial Accident Commission wherein petitioner was awarded certain compensation on account of a permanent disability sustained by him following an industrial injury. Two petitions have been filed, which have been consolidated.

In said decision on rehearing it was found that the total present permanent disability suffered by petitioner amounted to 58¾ per cent but, inasmuch as petitioner had sustained a prior permanent disability amounting to 12 per cent, said 12 per cent was deducted from the total of 58¾ per cent. The percentage of permanent disability attributed to the injury was therefore fixed at 46¾ per cent, entitling the employee to the total sum of $4,675.

It is the petitioner's contention that he is entitled to the percentage of 58¾ without deducting the 12 per cent therefrom.

The only question presented may be stated as follows: Did the Industrial Accident Commission exceed its powers and jurisdiction in finding that the percentage of permanent disability amounting to 12 per cent, which petitioner had sustained as a result of a prior injury should be deducted from the combined permanent disability amounting to 58¾ per cent, which was produced by the prior injury and a later injury, thus leaving to petitioner the percentage of 46¾?

The facts are undisputed and briefly show that on June 1, 1937, petitioner, while employed as a carpenter, sustained an injury which arose out of and occurred in the course of his employment. The injury was to his left leg and was serious enough to necessitate the subsequent amputation of said leg between the knee and hip joint. Some time prior to June 1,

1937, petitioner had sustained a permanent disability of the left foot, consisting of partial stiffness of the ankle joint, amounting to 12 per cent. This prior permanent disability had been sustained while petitioner was employed in the state of Nevada by an employer other than the one for whom he was working at the time of the injury of June 1, 1937.

We have had cited to us for our enlightenment the cases of *Liptak* v. *Industrial Acc. Com.*, 200 Cal. 39 [251 Pac. 635], *Ford Motor Co.* v. *Industrial Acc. Com.*, 202 Cal. 459 [261 Pac. 466], and *Edson* v. *Industrial Acc. Com.*, 206 Cal. 134 [273 Pac. 572].

Section 4750 of the Labor Code provides that "An employee who is suffering from a previous permanent disability or physical impairment and sustains permanent injury thereafter shall not receive compensation for the later injury in excess of the compensation allowed for such injury when considered by itself and not in conjunction with or in relation to the previous disability or impairment. The employer shall not be liable for compensation to such an employee for the combined disability, but only that portion due to the later injury as though no prior disability or impairment had existed."

The general rule is that industry is to be charged only for those injuries arising out of and in the course of employment and only for the result of that particular injury when considered by itself and not in conjunction with or in relation to a previous injury.

█ The facts and findings in the instant case are sufficiently parallel to the facts and findings in the case of *Edson* v. *Industrial Acc. Com.*, *supra*, to cause the holding in that case to control the decision of the case before us, i. e., that the Industrial Accident Commission is not authorized, in computing the percentage of permanent disability of an employee caused by an industrial injury, to include any percentage of such disability attributable to a prior industrial or nonindustrial disease or injury; nor is it justified in including in an award any amount as compensation for the disability attributable solely to the prior injury or disease and for which the employment was in no wise responsible. (*Hercules P. Co.* v. *Industrial Acc. Com.*, 131 Cal. App. 587, 593 [21 Pac. (2d) 1014]; *County of Los Angeles* v. *Industrial*

*Acc. Com.*, 14 Cal. App. (2d) 134, 136 [57 Pac. (2d) 1341]; *Tanenbaum* v. *Industrial Acc. Com.*, 4 Cal. (2d) 615 [52 Pac. (2d) 215].)

The order and decision on rehearing, together with the award based thereon, should be and is hereby affirmed.

Barnard, P. J., and Marks, J., concurred.

An application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 12, 1938.