[Civ. No. 2591.   Fourth Appellate District.—February 26, 1941.]

STATE COMPENSATION INSURANCE FUND, Petitioner,
v. INDUSTRIAL ACCIDENT COMMISSION and E. J.
HUNTER, Respondents.

Donald Gallagher and A. V. Prothero for Petitioner.

Everett A. Corten and Dan Murphy, Jr., for Respondents.

MARKS, J.—Petitioner has filed two separate proceedings to annul two separate awards of the Industrial Accident Commission against petitioner, the insurance carrier, for injuries suffered by E. J. Hunter, an employee of the Kettleman North Dome Association.   The facts of the two cases and the law involved are so closely related that they should be considered in one opinion to obviate needless repetition.

On December 14, 1937, Hunter filed an application with the Industrial Accident Commission seeking compensation for injuries to his lower back suffered on August 15, 1937.   This application bore the I. A. C. Number 58176 and will be referred to as the back injury case.   After various hearings

and rehearings the commission found that Hunter had suffered total temporary disability on August 15, 1937, and awarded him weekly indemnity payments of $21.27 for the period of August 15, 1937, to December 8, 1937, the admitted date of his recovery from the back injury, less the waiting period of seven days. Hunter's weekly earnings were $34.43.

Hunter filed a second application for total temporary disability caused by inhaling carbon monoxide fumes on August 13, 14, and 16, 1937. The application bore the I. A. C. Number 58754, and will be referred to as the carbon monoxide case. The Industrial Accident Commission, after numerous hearings and rehearings, found that Hunter had suffered total temporary disability from the carbon monoxide fumes on August 16, 1937, and awarded him weekly indemnity payments of $21.26 from August 16 to December 8, 1937, and thereafter, less the waiting period of seven days. This award was also based on a weekly wage of $34.43.

While Hunter's wages, had he not been injured, would have been $34.43 per week, under the two awards he will receive $42.53 per week from August 16, to December 8, 1937, less the waiting periods.

The facts in the case are all admitted. The parties only disagree on the law applicable to those facts.

Petitioner admits that Hunter was entitled to total temporary disability but argues that he was not entitled to double total disability allowances up to December 8, 1937. As the allowance for the back injury had been paid in full, petitioner contends that it is entitled to credit that amount on the award for the carbon monoxide injury. We are cited to no cases deciding these questions.

In discussing the theory underlying workmen's compensation laws, the Supreme Court said in *Western Indemnity Co.* v. *Pillsbury,* 170 Cal. 686, at page 693 [151 Pac. 398] :

"It may be noted that under the particular scheme embodied in this act, the loss resulting from accidental injuries is not imposed upon the employer alone. The scale of compensation fixed by section 15 allows to the employee, in addition to medical and surgical expenses, an indemnity based upon his loss of earnings, but this indemnity covers not the whole, but only a part or a percentage of such loss. The risk of accidental injuries is thus shared by employer and employee."

The text writers have adopted this view and have pointed out the danger in awarding an injured employee compensation in an amount in excess of his ordinary earnings. (See Campbell, Workmen's Compensation, sec. 30; Hobbs, Workmen's Compensation Insurance, p. 64.)

In considering a related question, this court said, in *Gardner* v. *Industrial Acc. Com.,* 28 Cal. App. (2d) 682, 684, 685 [83 Pac. (2d) 295]:

''The facts and findings in the instant case are sufficiently parallel to the facts and findings in the case of *Edson* v. *Industrial Acc. Com., supra,* (206 Cal. 134 [273 Pac. 572]) to cause the holding in that case to control the decision of the case before us, i. e., that the Industrial Accident Commission is not authorized, in computing the percentage of permanent disability of an employee caused by an industrial injury, to include any percentage of such disability attributable to a prior industrial or nonindustrial disease or injury; nor is it justified in including in an award any amount as compensation for the disability attributable solely to the prior injury or disease and for which the employment was in no wise responsible. (*Hercules P. Co.* v. *Industrial Acc. Com.,* 131 Cal. App. 587, 593 [21 Pac. (2d) 1014]; *County of Los Angeles* v. *Industrial Acc. Com.,* 14 Cal. App. (2d) 134, 136 [57 Pac. (2d) 1341]; *Tanenbaum* v. *Industrial Acc. Com.,* 4 Cal. (2d) 615 [52 Pac. (2d) 215].)''

The foregoing authorities clearly indicate that under the workmen's compensation laws an injured employee should not receive, in an ordinary case, greater compensation than his wages would have been had he not been injured.

We believe the answer to the question first presented is found in section 4459 of the Labor Code, which provides as follows:

''The fact that an employee has suffered a previous disability, or received compensation therefor, does not preclude him from compensation for a later injury, or his dependents from compensation for death resulting therefrom, but in determining compensation for the later injury, or death resulting therefrom, his average weekly earnings shall be fixed at the sum which reasonably represents his earning capacity at the time of the later injury.''

In the back injury case Hunter was found to have been totally, but temporarily disabled on August 15, 1937, and was

given total temporary disability up to December 8, 1937, the date of his recovery from that injury. $328.16, the total amount of this award, was paid him by petitioner.

The Industrial Accident Commission found that the carbon monoxide injury was suffered on August 16, 1937. As Hunter was totally disabled on the date of the second injury and not able to work it should follow that he had no "earning capacity" at the time of his second injury upon which to base the second award, as required by section 4459 of the Labor Code. This would be true until December 8, 1937, when he recovered from his first injury and could have resumed his employment had he not suffered the second injury.

There seems to be no good reason why the award in the back injury case should be disturbed. Hunter suffered a compensable injury on August 15, 1937, for which he is entitled to compensation until his recovery from that injury on December 8, 1937. No question is raised as to the amount of the award.

The award in the back injury case bearing the Industrial Accident Commission's Number 58176 is affirmed.

Barnard, P. J., and Griffin, J., concurred.