[Civ. No. 7160. Third Dist. July 31, 1945.]

JOE WOLSKI, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

Virgil M. Airola for Petitioner.

Everett A. Corten and R. C. McKellips for Respondents.

ADAMS, P. J.—Petitioner Wolski, aged 55 years, on December 2, 1943, while employed as a logger by respondents Sterling C. Linebaugh and Tena I. Linebaugh, sustained injury arising out of and occurring in the course of said employment, when a chip of wood struck his right eye and completely destroyed the sight thereof. The employers' insurance carrier was State Compensation Insurance Fund, and both employer and employee were subject to the Workmen's Compensation Laws of California. After a hearing the Industrial Accident Commission found the facts as above stated and further found that petitioner's injury caused permanent disability, the percentage of said disability for petitioner's age and occupation being 28¼ per cent of total disability, entitling him to 113 weeks of disability payments of $25 each in the total sum of $2,825.

Petitioner in this proceeding contends that in making its award as aforesaid the commission acted without and in excess of its jurisdiction and that the award is unreasonable and not justified by the evidence, because petitioner since childhood has possessed an impaired and defective left eye (squint eye) which eye alone and without his good right eye was not sufficient to enable him to pursue the occupation of a logger; and that since the injury to his right eye destroyed its vision, petitioner is now practically blind and unable to carry on his occupation as a logger, or in fact any occupation of any importance and that he is entitled to a total permanent disability rating.

The question before us thus is, whether, under section

4750 of the Labor Code, petitioner is entitled to compensation as for total permanent disability or for only that portion of his disability which is due to loss of vision in the right eye as though no prior disability or impairment of the left eye had existed.

Section 4750 of the Labor Code provides:

"An employee who is suffering from a previous permanent disability or physical impairment and sustains permanent injury thereafter shall not receive compensation for the later injury in excess of the compensation allowed for such injury when considered by itself and not in conjunction with or in relation to the previous disability or impairment.

"The employer shall not be liable for compensation to such an employee for the combined disability, but only for that portion due to the later injury as though no prior disability or impairment had existed."

Petitioner cites and relies upon *Liptak* v. *Industrial Acc. Com.*, 200 Cal. 39 [251 P. 635]; *Ford Motor Co.* v. *Industrial Acc. Com.*, 202 Cal. 459, 464 [261 P. 466]; *Bartlett Hayward Co.* v. *Industrial Acc. Com.*, 203 Cal. 522, 524 [265 P. 195]; *United States Fidelity etc. Co.* v. *Industrial Acc. Com.*, 204 Cal. 88, 93 [266 P. 805]; *Edson* v. *Industrial Acc. Com.*, 206 Cal. 134, 136, 140 [273 P. 572]; and *Harris* v. *Industrial Acc. Com.*, 204 Cal. 432 [268 P. 902]. Respondents argue that the foregoing cases were decided upon the law as it existed prior to its amendment in 1929, and that they are no longer applicable to a case such as is presented by petitioner.

We think respondents' contention must be sustained. Prior to 1929, sections 9(b) 2(10)a of the Workmen's Compensation Act provided (see Stats. 1925, ch. 354, p. 643, and Stats. 1919, ch. 471, p. 916): "The percentage of permanent disability caused by any injury shall be so computed as to cover the permanent disability caused by that particular injury without reference to any injury previously suffered or any permanent disability caused thereby." Also section 9(b) 2(9) provided, as does section 4662 of the Labor Code today: "Any of the following permanent disabilities shall be conclusively presumed to be total in character: Loss of both eyes or the sight thereof."

In the Liptak case, above cited, petitioner, who had previously lost the sight of one eye in a nonindustrial accident, lost the sight of the other eye in an industrial accident. The

Industrial Accident Commission, following rules which it had applied in previous proceedings, awarded him disability payments based upon a finding of but 26¼ per cent permanent disability. Petitioner contended that he should have been given a total permanent disability rating. Respondent invoked the provisions of section 9(b), 2(10), but the court held that the language of said section as it then read was ambiguous and uncertain, that it was susceptible of a construction favorable to petitioner's contention, and that, in view of the provisions of section 9(b) 2(9), *supra,* and of section 69, paragraph a of the act which called for a liberal construction of its terms in favor of an injured person, the uncertainty and ambiguity must be resolved in petitioner's favor. Other cases cited by petitioner, decided prior to 1929, follow the ruling in the Liptak case, though in *Edson* v. *Industrial Acc. Com., supra,* the court to some extent departed from the rule thereof. However, in 1929 section 9(b) 2(10) was amended to read as section 4750, *supra,* does today; and we think that said section clearly and unambiguously provides that where, as here, an industrial accident destroys the sight of a one-eyed man's sole good eye, his employer may not be held liable for compensation based on a rating of total permanent disability, but only for the portion of the disability due to the injury to the one eye, as if petitioner had had two good eyes and the sight of the one only had been destroyed. It is said in 1 Campbell's Workmen's Compensation, page 737, section 826:

"The Legislature in 1929 amended the Act to insure that each injury should be considered by itself and, so far as the liability of the employer is concerned, be rated as if prior injuries had not been suffered. This restores the former rule."

This is also the holding in *Gardner* v. *Industrial Acc. Com.,* 28 Cal.App.2d 682 [83 P. 2d 295], decided in October, 1938. There the applicant, in June, 1937, sustained an injury to his left leg necessitating its amputation above the knee. He had, in a previous accident in another state, sustained an injury to his right leg that impaired its efficiency. His total permanent disability was rated at 58¾ per cent, but 12 per cent was deducted therefrom for the prior disability. The court cited section 4750 of the Labor Code, and said: "The general rule is that industry is to be charged only for those injuries arising out of and in the course of employment and only for the result of that particular injury when considered by itself and

not in conjunction with or in relation to a previous injury.'' Hearing in the Supreme Court was there denied. (Also see *State Comp. Ins. Fund* v. *Industrial Acc. Com.,* 43 Cal.App. 2d 233, 235 [110 P.2d 510].)

 Petitioner, seeking to avoid the effects of section 4750, *supra,* alleges that prior to his injury his ability to compete with other laborers in the open market, and to perform the duties of a logger, for which occupation he had qualified himself, and to earn the same wages as others similarly engaged, was not lessened or diminished in any manner by reason of the defective left eye; and that he was not, therefore, prior to the injury to his right eye, *suffering from* any disability in his chosen occupation by reason of the defect in the left eye. We do not construe the words ''suffering from a previous permanent disability or physical impairment,'' as used in section 4750, to be so limited. The word ''suffer'' is defined in 60 Corpus Juris 990 as follows: ''To be affected by; to bear; to undergo; to endure; to support.'' Webster's New International Dictionary, second edition, also contains the following as definitions of the word ''suffer'': ''To submit to or be forced to endure the infliction, imposition, or penalty of; *to bear as a victim or the like;* as, to suffer martyrdom, severe losses, or a year's imprisonment; . . . To undergo; to experience; to go or pass through; as to suffer alteration or deterioration; . . . To be injured; to sustain loss or damage; as business *suffers* greatly from a long-continued depression.'' It cannot be denied that petitioner prior to the accident to his right eye ''was affected by'' the condition of his left eye and that he did ''bear as a victim'' the condition of same; and he alleges that he had since childhood been possessed of an impaired and defective left eye which alone and without his good right eye was not sufficient to enable him to pursue the occupation of a logger. We therefore hold that petitioner was, prior to the injury to his right eye, ''suffering from a previous disability or impairment'' within the meaning of section 4750 of the Labor Code, and that his employers were liable to him for compensation only for that portion of his disability due to the injury to his right eye as though no prior impairment of the left eye had existed.

 While it is provided by the Workmen's Act itself, and generally held by the courts that such statutes are to be liberally construed in favor of the employee, this does not

mean that the legislative mandate of section 4750 is to be ignored. As stated by Campbell in volume 1, Workmen's Compensation, page 737, section 827, the purpose of such legislation is to remove any reasonable ground for an employer to refuse to hire one-armed, one-legged, or one-eyed men. In short, it is intended for the long-range benefit of handicapped workmen, and it is not for the court to say that it is not calculated to effect that result.

The award is affirmed.

Thompson, J., and Peek, J., concurred.

A petition for a rehearing was denied August 28, 1945, and petitioner's application for a hearing by the Supreme Court was denied September 27, 1945.