[S. F. No. 20702.   In Bank.   Oct. 13, 1961.]

STATE COMPENSATION INSURANCE FUND, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and JOSEPH QUICK, Respondents.

T. Groezinger, Loton Wells and William J. O'Neil for Petitioner.

Everett A. Corten and Emily B. Johnson for Respondents.

Hays, McLaughlin & Evans and William T. Hays as Amici Curiae on behalf of Respondents.

WHITE, J. — The State Compensation Insurance Fund seeks a review of an Industrial Accident Commission award to Joseph Quick on the ground that because of a preexisting partial disability he was not entitled to full compensation awarded him for total disability.

In 1955, Mr. Joseph Quick, a deputy sheriff of Fresno County, became disabled by reason of progressive arteriosclerotic heart disease with heart insufficiency. Upon application for workmen's compensation benefits, the Industrial Accident Commission found that the applicant was permanently, partially disabled to the extent of 43½ per cent and that one-half thereof, or 21¾ per cent of the disability, was due to nonindustrial normal progress of the disease, the other one-half being attributed to industrial aggravation. At that time an award was made on this basis.

Mr. Quick continued to work as a deputy sheriff but took on lighter duties involving less physical strain. On November 24, 1959, he sustained an industrially connected heart attack. On November 11, 1960, the commission awarded him full benefits on a finding that he was 100 per cent disabled. It made no apportionment for the prior injuries but did

allow a "credit" of $2,610, which was the amount of the award for the percentage (21¾ per cent) of Mr. Quick's prior permanent partial disability then attributed to industrial aggravation.

Petitioner contends that the Industrial Accident Commission is not authorized in computing the percentage of permanent disability caused by a current industrial accident, to include any disability attributable to a prior disease or injury, industrial or nonindustrial. It was error, therefore, petitioner maintains, for the commission to have failed to deduct the percentage of the prior partial disability (43½ per cent) from the 100 per cent current disability in determining and making the instant award.

The statutes governing apportionment generally are Labor Code sections 4663[1] and 4750[2]. Their purpose and limitations are cogently stated in *Gardner* v. *Industrial Acc. Com.*, 28 Cal.App.2d 682, 684 [83 P.2d 295] : "the Industrial Accident Commission is not authorized, in computing the percentage of permanent disability of an employee caused by an industrial injury, to include any percentage of such disability attributable to a prior industrial or nonindustrial disease or injury; nor is it justified in including in an award any amount as compensation for the disability attributable solely to the prior injury or disease and for which the employment was in no wise responsible."

The Industrial Accident Commission contends that although the general law be as just stated, a 1959 amendment to Labor Code section 3212.5 forbids any apportionment in cases of certain types provided for therein, including the present case.

Section 3212.5 provides in part : ". . . in the case of a . . . deputy sheriff employed upon a regular, full-time salary, the term 'injury' as used in this division includes heart trouble . . . which develops or manifests itself during a period while

---

[1] § 4663. In case of aggravation of any disease existing prior to a compensable injury, compensation shall be allowed only for the proportion of the disability due to the aggravation of such prior disease which is reasonably attributed to the injury.

[2] § 4750. An employee who is suffering from a previous permanent disability or physical impairment and sustains permanent injury thereafter shall not receive from the employer compensation for the later injury in excess of the compensation allowed for such injury when considered by itself and not in conjunction with or in relation to the previous disability or impairment.

The employer shall not be liable for compensation to such an employee for the combined disability, but only for that portion due to the later injury as though no prior disability or impairment had existed.

such . . . deputy sheriff is in the service of the . . . sheriff's office. . . .

"Such heart trouble . . . so developing or manifesting itself shall be presumed to arise out of and in the course of the employment. . . . This presumption is disputable and may be controverted by other evidence, but unless so controverted, the commission is bound to find in accordance with it. . . .

"Such . . . heart trouble . . . so developing or manifestting itself in such cases shall in no case be attributed to any disease existing prior to such development or manifestation."

It is the last sentence of the section quoted above that was added by the 1959 Legislature and about the interpretation of which this present controversy revolves.

The commission contends that if it is foreclosed from attributing any portion of the 1959 heart attack to the prior existing heart disease, it is also foreclosed from apportioning any of the present total disability to the prior existing heart disease. However, for the reasons appearing below, we are persuaded that section 3212.5 of the Labor Code pertains not to apportionment, but to the cause of injury currently sustained.

In order to be compensable under the Workmen's Compensation Act, an injury must have resulted from the effects of employment covered by the act, that is, it must be an industrial injury. (*Goodwill Industries* v. *Industrial Acc. Com.*, 114 Cal.App.2d 452, 457 [250 P.2d 627].) The provisions of section 3212.5 prior to the 1959 amendment created a disputable presumption in favor of certain public employees to the effect that a heart attack occurring during the term of employment resulted from the effects of that employment and was therefore an industrial injury. It was, and still is, possible to rebut such presumption by adducing medical testimony to the effect that a heart attack was caused by progressive, arteriosclerotic heart disease which was non-industrial. The 1959 addition to section 3212.5 pertains to the cause of a current industrial injury, after it is settled that the injury is an industrial one. It does not pertain to the percentage of disability which the instant heart attack considered by itself caused. It does not say that no part of Mr. Quick's present total disability shall be attributable to his prior heart disease. It states only that no part of the manifestation of his current heart injury, that is, the 1959 heart attack, shall be attributable to the prior disease. Had

the amendment been in effect when Mr. Quick suffered his 1955 injury, for instance, the commission could not have attributed one-half of that injury to the prior existing disease. ■ The effect of the amendment is to make section 4663 (aggravation of prior disease, see footnote 1) inapplicable in the specific situations enumerated in section 3212.5, of which the case at bar is one. ■ Manifestly, since section 3212.5 deals with pathological cause and section 4750 with apportionment to prior permanent disability, no conflict exists between these sections of the Workmen's Compensation Act, and the rules of statutory construction which require that a specific enactment take precedence over a general enactment and that a later specific provision control where it applies to a situation covered by a general provision are inapplicable here. ■ More appropriately, "all parts of a statute should be read together and construed to achieve harmony between seemingly conflicting provisions rather than holding that there is an irreconcilable inconsistency." (*Wemyss* v. *Superior Court,* 38 Cal.2d 616, 621 [241 P.2d 525].)

■ Since Mr. Quick was already 43½ per cent disabled when he suffered his 1959 heart attack, section 4750, which directs that the employer shall be liable only for such disability due to the later injury as though no prior disability had existed, required a determination by the commission of the percentage of permanent disability caused solely by the 1959 heart attack. ■ "The plain intent of the act as framed was to charge the employer, and through him industry as a whole, with the loss accruing to the employee and resulting from his employment, i.e., arising out of and in the course of his employment. If the employee has suffered permanent disability by injury or disease prior to the injury for which compensation is sought the statute requires that the percentage of disability on account of the latter injury be computed without reference to any injury previously suffered or any permanent disability caused thereby. . . ." (*Edson* v. *Industrial Acc. Com.,* 206 Cal. 134, 138 [273 P. 572].)

■ The 1959 heart attack could not have caused 100 per cent disability since the heart was already 43½ per cent disabled at the time of the 1959 attack. It was therefore erroneous for the commission to fail to deduct the earlier 43½ per cent disability. Mr. Quick is entitled to compensation for the 56½ per cent disability caused by his 1959 attack, and to re-

tain and to continue to receive the compensation awarded him for his 1955 attack.

The award is annulled and the cause remanded to respondent commission for further proceedings in accordance with the views herein expressed.

Gibson, C. J., Traynor, J., Schauer, J., McComb, J., Peters, J., and Dooling, J., concurred.