[Civ. No. 35814. Second Dist., Div. Five. Aug. 31, 1970.]

KENNETH H. KNOWLES, Petitioner, v.
WORKMEN'S COMPENSATION APPEALS BOARD, COUNTY
OF LOS ANGELES et al., Respondents.

COUNSEL

Thompson, Talbott & Lemaster and George D. Thompson for Petitioner.

Rupert A. Pedrin, Richard E. Ryan, T. Groezinger, Loton Wells, and A. C. Jones for Respondents.

OPINION

SELBER, J.*—Petitioner seeks review of a decision of the Workmen's Compensation Appeals Board denying his petition to reopen a claim for a cumulative industrial heart injury from 1938 to May 24, 1964, in his employment as a deputy sheriff for the County of Los Angeles. He was originally denied compensation in this case on September 3, 1965, when the referee found that he had sustained no injury arising out of and occurring during the course of his employment. His petition for reconsideration was denied by the Industrial Accident Commission on October 25, 1965. No review was taken from that order of denial.

On May 14, 1968, petitioner filed a timely petition to reopen

---

*Assigned by the Chairman of the Judicial Council.

under section 5803 of the Labor Code alleging that the decision in *Turner* v. *Workmen's Comp. App. Bd.* (1968) 258 Cal.App.2d 442 [65 Cal.Rptr. 825] and *Bussa* v. *Workmen's Comp. App. Bd.* (1968) 259 Cal.App.2d 261 [66 Cal.Rptr. 204] had changed the substantive law of California on the issue of compensable injury and thus constituted good cause to reopen this matter on the theory that the original findings and award and the opinion and order denying reconsideration were based upon an erroneous interpretation of section 3212.5 of the Labor Code.

Following several continuances, the petition to reopen was finally denied on October 9, 1969. A petition for reconsideration was taken from this denial and on December 4, 1969, the board issued its opinion and order denying reconsideration. Thereafter, petitioner filed the instant petition for writ of review.

█ It is clear that a subsequent judicial interpretation of the compensation statutes contrary to a prior administrative interpretation is "good cause" to reopen a case under section 5803 of the Labor Code, if the request to reopen is made within five years from the date of injury. (*State Comp. Ins. Fund* v. *Ind. Acc. Com.* (1946) 73 Cal.App.2d 248 [166 P.2d 310]; *Bartlett Hayward Co.* v. *Industrial Acc. Com.* (1928) 203 Cal. 522 [265 P. 195].) In *Bartlett* the court went so far as to state that mistake or inadvertence of the commission in making its first award on a basis lower than that to which the injured employee was entitled constituted good cause. In *State Comp. Ins. Fund* good cause was found to permit the commission to amend its prior decision which was based on an erroneous construction of a statute as shown by a subsequent decision of the court. It was conceded that the law was not changed by the subsequent decision and that the rule announced was already the law, but had not been declared by the court, occasion therefore not having previously arisen.

█ The petition to reopen in this case was timely filed. Thus the primary question involved is whether the decisions in *Turner* and *Bussa* affected such a change in the law of this state so as to permit the petitioner to reopen.

Section 3213.5 of the Labor Code[1] states in relevant part: "In the case of a . . . sheriff or deputy sheriff . . . the term 'injury' . . . includes heart trouble . . . which develops or manifests itself during a period while such . . . sheriff, or deputy sheriff is in the service of the . . . sheriff's office, . . . The compensation which is awarded for such heart trouble . . . shall include full hospital, surgical, medical treatment, disability indemnity, and death benefits. . . .

---

[1]All references to sections of a statute refer to sections of the Labor Code.

"Such heart trouble . . . so developing or manifesting itself shall be presumed to arise out of and in the course of the employment; provided, however, that the . . . sheriff or deputy sheriff shall have served five years or more in such capacity before the presumption shall arise. . . . This presumption is disputable and may be controverted by other evidence, but unless so controverted, the appeals board is bound to find in accordance with it. . . .

"Such . . . heart trouble . . . so developing or manifesting itself in such cases shall in no case be attributed to any disease existing prior to such development or manifestation."

The latter paragraph of the section was added by amendment in 1959. It immediately presented the question of whether the presumption of industrial causation of a sheriff or deputy sheriff's in-service heart trouble could be rebutted by evidence of preexisting heart disease.

In *State Comp. Ins. Fund* v. *Industrial Acc. Com.* (*Quick*) (1961) 56 Cal.2d 681 [16 Cal.Rptr. 359, 365 P.2d 415], the Supreme Court appeared to resolve the problem by stating at page 685: "It was, and still is, possible to rebut such presumption by adducing medical testimony to the effect that a heart attack was caused by progressive, arteriosclerotic heart disease which was non industrial." *Quick* involved a deputy sheriff, covered by section 3212.5, who incurred successive heart attacks. The first occurred in 1955. At that time the Industrial Accident Commission found that he was 43½ percent disabled, and that one-half of his disability was non-industrially caused. He was therefore awarded 21¾ percent permanent disability which was due to "industrial aggravation." In 1959 he suffered another heart attack and the commission took the position that under the 1959 amendment to section 3212.5 it was required to award full benefits to Quick for the second attack and could not deduct for the prior disability sustained from the 1955 attack. The court, on review, held that the apportionment statute, section 4750 of the Labor Code was unaffected by the 1959 amendment to section 3212.5 and required apportionment of the award to Quick by deducting therefrom the prior permanent disability factor.

The court in *Quick* held that section 4663 (aggravation of prior disease) was inapplicable to employees covered by section 3212.5. Thus in *Ferris* v. *Industrial Acc. Com.* (1965) 237 Cal.App.2d 427 [46 Cal.Rptr. 913] where the evidence showed that a city policeman who suffered a "heart insufficiency" due to his employment which aggravated a prior nonindustrial arteriosclerotic condition, apportionment was denied. In referring to the *Quick* case which had allowed apportionment the court in *Ferris* at page 433 distinguishes it as follows: "While the *Quick* case pertains to the overlapping disability cases where there has been a rating on previous dis-

ability, this situation is not presented in the case before us." In *Ferris* it was not disputed that the heart attack was industrially caused. While various doctors were permitted to testify to petitioner's prior arteriosclerotic condition such testimony was received on the issue of permanent disability only. The court cited the language from *Quick* which we have quoted above in permitting evidence to rebut the presumption on section 3212.5 but it held that there was substantial evidence to support the finding of the commission that the disability was industrially caused both as to permanent and temporary disability.

In this case, at the hearings which culminated in the original denial, evidence was received from doctors who were permitted to testify that petitioner's present coronary condition was not the result of his employment but rather the result of an excessive cholesterol condition which condition had long antedated his employment. The doctors concluded that this condition rendered petitioner prone to coronary arteriosclerosis and even eventual myocardial infarction. It was their opinion that petitioner's present heart trouble would have occurred regardless of the nature of his employment.

Petitioner now contends that the denial of an award was erroneous and unjust in that evidence of his prior condition should not have been permitted. He appears to concede that the commission followed the interpretation given to the 1959 amendment to section 3212.5 in *Quick* but argues that such an interpretation has now been held to be incorrect, at least as to the facts in his case, by the *Turner* and *Bussa* decisions.

Real party in interest contends that while the commission did apparently permit the evidence of prior condition based upon the holding in *Quick,* such an interpretation was then and now still the law and that *Turner* and *Bussa,* being decisions of the Court of Appeal, cannot be held to either expressly or impliedly overrule the previous decision of the Supreme Court in *Quick.* While admitting that the Supreme Court denied hearings in both *Turner* and *Bussa,* real party in interest argues that such denials may not be taken as an expression of opinion by that court.

It is true that *Quick* has never been expressly overruled. In *Ferris* and *Turner* it was held "not controlling" based on the distinctions made on the facts of those cases. In *Turner* the court rejected evidence of pre-existing disease to rebut the presumption in section 3212.5. *Turner* distinguished *Quick* on the ground that it involved apportionment and pertained to overlapping disability where there had been a previous disability rating, and also on the ground that in *Quick* it was not disputed that the employee's in-service heart attack was industrially caused. In *Turner,* at pages 446-447 the court states: "The question before us—whether the section 3212.5

presumption may be rebutted by evidence of pre-existing disease—relates only to the *cause* of petitioner's 'heart trouble.' "

In *State Employees' Retirement System* v. *Workmen's Comp. App. Bd.* (1968) 267 Cal.App.2d 611 [73 Cal.Rptr. 172] decided after *Turner* and *Bussa* the court appears to adopt the interpretation of section 3212.5 adopted in those two cases. The court held that evidence of prior existing disease was not available to rebut the presumption unless both "manifestation" and "development" preceded the employment. It is interesting to note that in a dissenting opinion to *State Employees' Retirement System* Justice Regan states at page 620: "If we are to follow *Turner, supra,* in which case the California Supreme Court denied a hearing, we should hold that the 1959 Legislature, by amending sections 3212 and 3212.5 of the Labor Code, has precluded the consideration for prior heart disease as a cause of in-service heart trouble to rebut the presumption *in any case."*

■ Real party in interest states that in any event the instant case is distinguishable from *Turner* and *Bussa* in that in both of those cases the petitioner had suffered a heart attack and that here petitioner's problem was progressive coronary arteriosclerosis. There is nothing in section 3212.5 to suggest that an employee must suffer a heart attack to come within its operative purview. ■ That section merely refers to "heart trouble" and we take judicial notice of the fact that coronary arteriosclerosis amounts to "heart trouble."

■ We conclude therefore that *Turner* and *Bussa* constitute an interpretation of section 3212.5 substantially different, if not opposed to, earlier interpretations. The essential facts in this case, as well as the statute involved, are for all practical purposes the same as in *Turner*. The commission acted erroneously in relying upon the earlier interpretations and the result achieved was unjust to the petitioner. Finally, we hold that good cause has been shown to require the board to grant the petition to reopen.

■ In holding that the board shall grant the petition to reopen we are not directing any modification of the original decision. Whether it should be modified will depend upon the evidence developed at the rehearing. It appears that on the previous hearings in this case both parties proceeded upon the basis that evidence of the prior condition was available to rebut the presumption. On rehearing it may be that real party in interest will be able to present other appropriate evidence to rebut the presumption. Also, it may be that absent the evidence of the prior condition, the board will still be of the opinion that petitioner suffered no compensable injury. In its opinion and order denying reconsideration, at page 2, the board states: "As pointed out by the Referee in his report of Petition for Reconsideration of November 7, 1969, applicant has a degenerative condition

caused by excess cholesterol. He failed to prove injury to his heart." Obviously the burden is on the petitioner to prove a compensable injury. If however, the board's finding that petitioner failed to meet his burden is based on medical evidence that his heart trouble is a result of a degenerative condition which preceded his employment, such a finding would be erroneous in the light of our holding that such evidence may not be adduced to rebut the presumption under section 3212.5.

In view of our holding herein we find it unnecessary to decide the issue of reimbursement to petitioner for his medical-legal expense. If the board now permits evidence of the subject doctor by testimony or report at the rehearing it should fix proper reimbursement under section 4600.

The order of the board denying reconsideration is annulled, and the cause is remanded to the Workmen's Compensation Appeals Board for further proceedings in conformity with the views expressed herein.

Kaus, P. J., and Aiso, J., concurred.